**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5178**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH N. GIBSON, III, a/k/a KG,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Thomas E. Johnston, District Judge.  (5:03-cr-00154-ALL)

———————

Submitted:  February 12, 2007          Decided:  April 13, 2007

———————

Before WILKINS, Chief Judge, and WILKINSON and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth N. Gibson, III appeals the revocation of his term of supervised release by the district court and the resulting sentence. Finding no error, we affirm.

I.

In late 2003, Gibson pleaded guilty to distribution of cocaine base. He was sentenced to 36 months imprisonment, to be followed by a three-year term of supervised release.

Gibson began to serve his supervised release term on October 7, 2005. Less than two months later, on December 1, Gibson's urine tested positive for cocaine. Gibson had two additional positive tests on June 23 and July 7, 2006. At that point, Gibson heeded the advice of his probation officer to enter a drug treatment program. The probation officer described Gibson as doing "moderately well" in the program but noted that Gibson had missed four random drug screens during the course of his participation. J.A. 31.

In September 2006, Gibson was charged in state court with sexual assault and burglary. Shortly thereafter, the probation officer petitioned for revocation of Gibson's supervised release, citing two violations of the conditions of release: commission of a crime and use of a controlled substance. Without objection from the Government, the district court bifurcated the proceedings and held the petition in abeyance insofar as it related to the state

2

court charges. The court then proceeded on the drug possession charges and ruled that Gibson was subject to revocation under 18 U.S.C.A. § 3583(g)(4) (West Supp. 2006) (providing for revocation of supervised release if the defendant "tests positive for illegal controlled substances more than 3 times over the course of 1 year"). Although Gibson urged the court to exercise its discretion not to revoke his supervised release, see 18 U.S.C.A. § 3583(d) (West Supp. 2006), the court sentenced him to ten months imprisonment.

## II.

Gibson first maintains that the district court failed to recognize its discretion to except him from mandatory revocation of supervised release, see id. We conclude, however, that the district court was aware of its discretion and simply declined to exercise it.

Section 3583(g)(4) provides for mandatory revocation of supervised release when a defendant has tested positive for illegal drug use more than three times in the course of a year. See id. § 3583(g)(4). However, § 3583(d) requires the court to consider "whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception ... from the rule of section 3583(g)." Id. § 3583(d). Although Gibson brought this provision to the attention of the district court during the revocation

3

hearing, the court did not explicitly discuss it. However, in ruling on Gibson's motion for reconsideration, the district court acknowledged and expressly declined to exercise its discretion under § 3583(d).

As an alternative to his claim that the district court was unaware of its discretion not to revoke his supervised release, Gibson argues that the court abused its discretion by resting its decision solely on the facts that constituted the basis for revocation in the first place. In essence, Gibson argues that the district court was <u>required</u> to exercise its discretion because Gibson was participating in a drug treatment program with moderate success. We reject this argument. Successful participation in a drug treatment program renders a defendant eligible for a discretionary denial of revocation; it does not create an entitlement. Here, the district court was within its discretion to conclude that the circumstances did not warrant denial of revocation.

III.

Gibson next argues that the ten-month sentence imposed by the district court is "plainly unreasonable," <u>United States v. Crudup</u>, 461 F.3d 433, 438 (4th Cir. 2006), <u>petition for cert. filed</u>, No. 06-7631 (U.S. Nov. 3, 2006). We disagree.

Gibson does not dispute that the district court properly calculated the applicable guideline range--8 to 14 months--and

4

sentenced him within it.  He simply maintains that the sentence imposed by the district court is unreasonable because it is unnecessary to achieve the goals of imposing a sentence for a supervised release violation.  See id. at 437-38 (noting that the purpose of a sentence upon revocation of supervised release is "to sanction the violator for failing to abide by the conditions of the court-ordered supervision" (internal quotation marks omitted)).  We conclude, in light of the broad discretion granted to the district court regarding sentencing upon revocation of supervised release, that the sentence is not unreasonable.

IV.

For the reasons set forth above, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.

AFFIRMED